UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60871-TORRES

B.T., a minor, by and through his natural parent
and guardian, CHRIS TOMPSON,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO SEAL

This matter is before the Court on Target Corporation's ("Defendant") motion for leave to file under seal a proposed settlement agreement. [D.E. 15]. B.T. ("Plaintiff") filed his response on August 22, 2017 [D.E. 18] to which Defendant replied on August 29, 2017. [D.E. 19]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion is **GRANTED**.

### *I.    ANALYSIS*

Defendant's motion seeks leave to file under seal the parties' settlement agreement that was reached at a settlement conference held on June 19, 2017. Plaintiff opposes the motion because Defendant is allegedly moving to enforce a settlement for a case that should have never been filed in federal court. Specifically, Plaintiff contends that there was never any federal jurisdiction in this

1

action because of the low amount in controversy[1] and that no valid settlement was reached by Plaintiff's prior attorney who lacked the proper authority to accept Defendant's settlement offer. While Plaintiff acknowledges that he and his parents attended the settlement conference, neither of them purportedly authorized Plaintiff's prior attorney – Mr. Levy – to settle this case or agreed to the proposed terms. At the conclusion of the settlement conference, Mr. Levy allegedly told Plaintiff that he would send him a settlement proposal, yet failed to mention that a final settlement had already been agreed to with Defendant. Subsequent to the settlement conference, Plaintiff terminated Mr. Levy as his attorney and retained new counsel who filed a notice of voluntary dismissal on August 8, 2017.[2]

Plaintiff also argues that a settlement of this case cannot proceed because a lawyer must have clear and unequivocal authority to settle a case and that an attorney's mere employment cannot allow him or her to settle a claim without a client's consent. Plaintiff explains that neither he nor his parents ever gave Mr. Levy any authority to settle this action and that Plaintiff did not learn of the settlement agreement's terms until someone in Mr. Levy's office emailed Plaintiff a

---

[1] Plaintiff suggests that his lost wages hardly assist in meeting an amount in controversy of $75,000 because he only made $10 per hour at Defendant's place of employment.

[2] Plaintiff contends that the Court has no jurisdiction over an action subsequent to a plaintiff filing a Rule 41 notice of dismissal. Instead, Plaintiff concludes that his voluntary dismissal took effect immediately and that the settlement conference before the undersigned was not the same as a Court approving a settlement and retaining jurisdiction to enforce it.

2

copy. Because there no authority to settle was ever given, Plaintiff concludes that Defendant's motion must be denied.

The first issue is whether this Court has subject matter jurisdiction over this case. Defendant removed this case from Florida state court on May 3, 2017 and calculated in its notice of removal the amount in controversy. [D.E. 1]. Plaintiff appears to suggest in his response that Defendant's calculations were misguided and that there is no conceivable way that this case reaches a threshold amount of $75,000. Yet, Plaintiff never supports this argument with any substantive reasoning and relies solely on conclusory allegations. In any event, Plaintiff's contention is unpersuasive because this case was filed under alleged violations of Florida's Whistleblower's Act – a statute that allows for the recovery of court costs, expenses, and attorneys' fees. *See* Fla. Stat. Ann. § 448.104 ("A court may award reasonable attorney's fees, court costs, and expenses to the prevailing party."); *see also E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1361 (S.D. Fla. 2015) ("Statutory damages sought in the complaint are properly considered when determining the amount in controversy.") (citing *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014)). Hence, Plaintiff's first argument lacks merit because Plaintiff has failed to present any persuasive reason as to why subject matter jurisdiction does not exist in this case.

Next, Plaintiff contends that the Court did not retain jurisdiction to approve and enforce the settlement agreement when Plaintiff filed a notice of voluntary

3

dismissal on July 13, 2017. [D.E. 14]. This argument lacks merit because the parties explicitly consented to the undersigned's jurisdiction to approve a settlement on June 19, 2017. [D.E. 11]. Because the Court entered an Order retaining jurisdiction to approve the settlement agreement, Plaintiff's notice of dismissal did not later deprive the Court of jurisdiction and therefore Plaintiff's second argument is unpersuasive.

Third, Plaintiff suggests that no settlement agreement can be enforced because neither he nor his parents gave Mr. Levy the authority to settle this case. Defendant argues that Plaintiff's attendance at the settlement conference suggests otherwise. Yet, Defendant acknowledges that an evidentiary hearing may be required to determine whether a settlement was reached.

Under Florida law, "[a] party seeking to compel enforcement of a settlement bears the burden of proving that an attorney has the clear and unequivocal authority to settle on the client's behalf." *Sharick v. Se. Univ. of Health Scis., Inc.*, 891 So. 2d 562, 565 (Fla. DCA 2004) (citing *Cross-Aero Corp. v. Cross-Aero Serv. Corp.,* 326 So.2d 249, 250 (Fla. 3d DCA 1976)); *see also Weitzman v. Bergman,* 555 So.2d 448, 449-50 (Fla. 4th DCA 1990) (noting that "it is the burden of the party seeking to compel the settlement . . . to show that the attorney had authority to settle the case"); *Jorgensen v. Grand Union Co.,* 490 So.2d 214, 215 (Fla. 4th DCA 1986) ("The law is clear that a client's express authority given to his attorney to settle his cause of action must be clear and unequivocal"). An attorney's mere employment does not

4

meet this burden nor does an attorney's belief that he or she possesses such authority. *See Cross-Aero Corp.*, 326 So.2d at 250; *Weitzman*, 555 So.2d at 449 ("Caselaw indicates that courts have been very stringent in what they find to be a 'clear and unequivocal' grant of authority"); *Dixie Operating Co. v. Exxon Co., U.S.A.*, 493 So.2d 61, 63 (Fla. 1st DCA 1986) (declining "to place the determination of whether clear and unequivocal authority was given under the control of the attorney exercising the authority on the basis of good faith belief when a dispute over that authority arises between the attorney and client").

Instead, Florida law requires that an attorney – in this case Mr. Levy – have clear and unequivocal authority to agree to a binding offer or agreement on a client's behalf. *See, e.g., Sharick*, 891 So. 2d 562, 565 ("Absent clear and unequivocal authority from Sharick, Tobkin could make neither a binding offer nor a binding agreement on Sharick's behalf. Tobkin's lack of authority to settle on Sharick's behalf is, therefore, dispositive."). In order to make that determination, the Eleventh Circuit has made clear that Mr. Levy's testimony is *required* to assess the scope of his authority to settle the case. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) ("Summary enforcement of an alleged settlement is improper when there is a substantial factual dispute as to the terms of the settlement.") (citing *See Kukla v. Nat'l Distillers Products Co.*, 483 F.2d 619 (6th Cir. 1973)).

5

Plaintiff does not explicitly oppose an evidentiary hearing in his response. In any event, Plaintiff cannot use the attorney-client privilege as both a shield and a sword to undo a settlement agreement that Mr. Levy purportedly approved. As soon as Plaintiff argued that his former attorney agreed to a settlement without Plaintiff's consent, the attorney-client privilege was effectively waived for the *limited* purpose of determining whether a valid settlement exists. *See Baratta, LLC*, 242 F.R.D. at 643 ("Upon filing the declaration, Baratta waived the attorney-client privilege with regard to his communications with his attorneys regarding settlement.").

This means that Plaintiff cannot use the attorney-client privilege to prevent Mr. Levy from testifying at an evidentiary hearing when Plaintiff alleges that Mr. Levy lacked the authority to enter into a settlement. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."). Indeed, "Florida Courts have long observed the doctrine of waiver by implication which reflects the position that the attorney-client privilege 'was intended as a shield, not a sword.'" *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 643 (S.D. Fla. 2007) (quoting *GAB Business Services, Inc. v. Syndicate 627,* 809 F.2d 755, 762 (11th Cir.1987) (applying Florida law)). Hence, a plaintiff cannot raise the allegation that an attorney lacks authority to approve a settlement agreement – which requires proof by way of privileged communications – and then prevent the attorney from testifying:

6

> In this case, to allow [plaintiff] to testify that he never gave [his counsel] settlement authority, while at the same time disallowing Defendant to inquire into the subject matter of his and his litigation attorney's exchanges regarding settlement, would result in a sword/shield situation whereby [plaintiff] would be permitted to give his one-sided version of the story, while shielding himself from potentially harmful testimony of another. The Court agrees with Defendant that the law does not permit [plaintiff] to maintain such a convenient position, in frustration of Defendant's right to discovery of critical facts and information that cannot be obtained from any source other than [plaintiff's counsel].

*Baratta, LLC*, 242 F.R.D. at 643 (internal citations omitted); *see also Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989) ("The great weight of authority holds that the attorney-client privilege is waived when a litigant 'place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'") (citations omitted).

In sum, Plaintiff has adequately raised a question of whether the settlement agreement reached in this case was valid. Yet, to resolve that question, an evidentiary hearing is required and Plaintiff's attorney-client privilege with Mr. Levy must be waived in a limited capacity to determine the nature of those communications. With respect to Defendant's motion to file under seal the parties' settlement agreement, we see no reason why Defendant should not be entitled to file the proposed agreement on the record. The mere filing of a settlement agreement does not mean that a Court will approve it, especially in situations where there are lingering disputes on the validity of the agreement itself. *See Tavorn v. Shockley*,

7

230 F. App'x 888, 889 (11th Cir. 2007) ("The parties must be allowed an evidentiary hearing when there is a dispute about the material facts concerning the existence or terms of a settlement agreement.") (citation omitted). As such, Plaintiff's motion is **GRANTED**, but no agreement can be approved until the parties attend an evidentiary hearing and supplement the record to determine whether Mr. Levy had the authority to settle this case with Defendant.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion [D.E. 15] is **GRANTED**. An evidentiary hearing shall be scheduled by separate Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of October, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge